May it please the Court, my name is Roxanne Davis and I represent the Appellant and Plaintiff John Elizondo. Mr. Elizondo is also present here with me today. I would like to reserve a few minutes for rebuttal after your questions. I would like to discuss four matters. First, there's absolutely no dispute that the District Court applied the wrong standard in dismissing an Appellant's discrimination claim. Mr. Elizondo was not required to produce direct evidence of discrimination to exhaust his administrative remedies. The second point I would like to discuss is that the District Court should apply the de novo standard of review and consider all the evidence of Mr. Elizondo's discrimination claim. Third, if this Court agrees that the District Court applied the wrong standard, it should also review Mr. Elizondo's second count, which was retaliation for reporting safety concerns under the CSRA and the WPA, and direct the Court to review this claim by the appropriate standard. And finally, we respectfully request that this Court grant the Appellant's motion to augment and defendant or appellee did not file any opposition. There's no dispute that direct evidence is the improper standard. Appellee cites not a single case, statute, regulation, or other authority to... Appellee basically said he didn't really mean that. He meant no evidence, really. The only mention of the whole direct evidence in Appellee's brief is at page 18-19, where they try to, they attempt a creative interpretation of... No, he didn't present any evidence that he said was directed at that point. He presented evidence that he's now claiming was relevant to that point, but he didn't present it for that point at that time. In other words, he presented evidence, some of the evidence went to the retaliation issue is now being argued to be relevant to the discrimination issue. Well, what the District Court said was that direct evidence was necessary at the MSPB, and that is what we believe was an incorrect ruling. Mr. Elizondo did present evidence of, or in support of his discrimination claim. He presented some evidence, it was a discrimination and harassment... But why does it really matter? Didn't the ALJ decide the question? The issue was decided, right? Correct. The issue was decided, was presented. And the Merit Systems Protection Board, as I recall, didn't really decide anything. The Merit System Protection Board, correct. So it was decided, and under JAST v. Potter, that's it, it was decided. Correct. Under JAST, we agree. So let's assume that the issue was exhausted, that it's procedurally proper in that respect. The Navy's brief suggests a number of reasons that are apart from that, why it's entitled to summary judgment. But just as a procedural matter, my question is this. When the District Court dismissed the case, rather than entering summary judgment, would we even be entitled to consider the summary judgment matters now? Or if we agreed with your argument, would we be required to send it back, even if we thought that some of those reasons for summary judgment were proper? That's a complicated question, but I'm just looking for sort of the procedure when it comes up on dismissal, but there's also a whole lot of summary judgment stuff going on. Right. I agree with the latter statement, which is that this Court is not permitted to decide the summary judgment issue. In fact, that wasn't briefed, it wasn't part of the appeal. Procedurally... Well, it was briefed by the Navy, that's why I brought it up. Right. But procedurally, the District Court needs to decide the summary judgment, and the District Court should be directed to decide the summary judgment based on the merits. While Mr. Elizondo may prefer that this Court decide his summary judgment, we understand and we believe that it's really the function of the District Court. If I can summarize where your position is, it's really pretty simple. The issue was actually decided and therefore was exhausted, so dismissal was wrong. So it should go back to the District Court, and that's the end of it. So all the motion to augment is irrelevant to here, right? Well, the District Court should decide the summary judgment on the merits, on both counts. Why both counts? That's the part I'm missing. Why did we get back to the retaliation issue again? Well, actually, the retaliation claim was dismissed because the discrimination claim was dismissed. So it was kind of a technical thing. Why is that? I thought the Federal Circuit had dismissed the retaliation claim for being late or something. The first thing that happened was the District Court here dismissed the discrimination claim. When that happened, he also at the same time... Oh, I see, because then it wasn't a mixed case anymore. Correct. Sent it to Federal District. The Federal Circuit said, we can't handle it. You're too late if you had filed it solely as a non-discrimination claim, a retaliation claim. And they sent it back to the District Court. The District Court said, oh, you know, since they can't hear it, I can't hear it. It was too late. It's gone. Had the discrimination claim continued to exist, it would have continued to be a mixed case. The District Court here would have still had to decide on summary judgment by the appropriate standard both issues. But the timeliness issue doesn't carry over. The timeliness issue was dependent on it being without a discrimination. I know these cases are incredibly complicated the way they spin out. Yes. The answer is yes. Apparently, because it was a mixed case, Mr. Elizondo followed the appropriate steps, went to the MSPB, then the petition, then the EEOC, then the District Court. Therefore, it wasn't late. Correct. His mixed case was timely. Had he only pursued the retaliation claim, it would have been a different timetable, and he didn't meet that. But you do agree with Judge Graver that there's no reason for us to decide the augmentation question if we're going to simply reverse because there is jurisdiction. Well, it goes to the merits. It has nothing to do with the jurisdictional question, right? It goes to if this Court were to decide that there was some standard that was necessary that was in between, then perhaps it would need to be considered. But if it's a yes or no, did the District Court apply the correct standard or not, then I think this Court is correct that it doesn't... You go to the District Court and try and get it in the District Court. Exactly. That, I guess, would be the proper way to approach it. And the appellee, just one more comment on their creative interpretation of the phrase direct evidence, goes clearly against what the U.S. Supreme Court has, how the U.S. Supreme Court has interpreted that phrase, how this circuit court has interpreted that phrase. Mr. Elizondo did properly exhaust his administrative remedies because under the U.S. Supreme Court standard, he sought relief in the agency that discriminated against him under the Brown fee general service administration case. And my understanding is that there isn't an exhaustion requirement at that level, is that right, as to discrimination issues, that he was not required, was he required to raise a discrimination issue at that level? At the MSPB? No, within the agency when he was just going through the internal procedures in the agency. Of the Navy, Department of the Navy? No, not in order to be able to challenge it at the MSPB. He gave notice to the defendant of his discrimination claim under the Kaufman v. Glickman case cited in the appellant's brief. He just only needed to plead and present evidence in support of the discrimination claim. He didn't have to win it. And that should have been enough. He, under Cohn v. Austin, which is a district court, Pennsylvania case, he only needed to make efforts to prove the case of discrimination. Mr. Elizondo did that. That should have been enough. The issue under the Wallace v. Department of Air Force and Jones v. Department of Army cases cited in appellant's brief, the issue needed to be raised with sufficient specificity and clarity that the administrative tribunal is aware that it must decide the issue. Mr. Elizondo did that. The MSPB decided the issue. That should have been enough. Counsel, I think we understand your position and perhaps it would be a good time to hear from the government in response. Okay. Thank you, Your Honor. Good morning, Your Honors. Cindy Cipriani, Deputy Chief of the Civil Division, and I'm actually filling in for Beth Kluke who experienced a family emergency. I'm sorry, and your name is? Cindy Cipriani, C-I-P-R-I-A-N-I. Thank you. And I am somewhat familiar, thankfully, with this area of mixed case law, so hopefully I've looked at the record. Well, if you are, why isn't the JASC case dispositive here? The JASC case, Your Honor, is not even relevant. It's completely inapposite, and I will explain why. The JASC case was not an MSPB case. It was somebody going through the traditional agency EEO process. So as part of going through that process, the claimant was asked for information that the claimant did not provide. And notwithstanding that, the agency issued a final agency decision. After the ALJ was involved, it goes back to the agency. The agency has an opportunity to issue its own final agency decision. They reached the merits, and as a result, the court found if you reach the merits, you can't argue failure to cooperate at the administrative stage because the agency has reached the merits. Here, the agency never had a chance to reach the merits. They did reach the merits. They made a decision on the merits. I guess my difficulty with your position sort of as a logical matter, leaving aside case citations to cases that might be distinguishable on various grounds, what your argument seems to me to be at its core is if a person puts on a really lousy case, it's just as if they put on no case at all and didn't exhaust their remedies. That's not what exhaustion is about. Exhaustion is about giving an agency an opportunity in the first instance to make a decision, and it made the decision on this claim. I would agree that if somebody puts on a less than perfect case... What if they do nothing but stand up and say, I just think they discriminated against me on account of I'm short or tall or whatever. But he didn't even do that. He didn't even do that. He didn't do that. But this is a situation where he alleged discrimination, and at the hearing, he did not elicit any testimony. He did not conduct any discovery. He did not refer to it. Well, the ALJ asked him to think he did because he decided the question. But where are you saying the agency decided the question? The ALJ in the paragraph decided the question. Is that incorrect? The ALJ, though, is not the agency. That's the Merit Assistance Protection Board. All right. And they went to the Merit Assistance Protection Board, which reviews the decision and decided there was nothing new and didn't decide anything. Basically, what he said, the ALJ, is he has not presented evidence. He has not even pointed to a similarly situated individual who was treated differently. Which is not a requirement, of course, of proving discrimination. Well, as a matter of fact, in a discriminatory discipline case, that is generally how you proceed to show a prima facie case. Yeah, but it's not a requirement. It's not a requirement. Well, he can prove it by a number of different means, right? I agree. He can prove it through direct. He can prove it through circumstantial. He can prove it by showing he's treated differently than similarly situated people. He can prove it by showing that there is a pretext that the agency's reason isn't sufficient to be believed. In this particular case, the agency never made any ruling or finding on the discrimination case. Well, wait. Look at page 376 and 377. Under the title, the appellant's defense of illegal discrimination is not sustained. And it goes through the, there's no need for burden shifting. The only question is whether there's, I'm paraphrasing, there's a preponderance of the evidence showing that there was actually pretext and discrimination. But here the agency's proved it has a legitimate nondiscriminatory reason. It's not because he's Hispanic, et cetera, et cetera. It goes through the analysis and finds in favor of the Navy. Well, you're saying the ALJ reached the merits. The agency never made any findings. It never waived the issue of the appellant's failure to put on any evidence. And, in fact, he's making a finding of nondiscrimination based on the fact that there wasn't any evidence. I mean, essentially the exhaustion requirement. Well, that's why I say it's folding into being a lousy case. To say that you haven't raised a claim just because you don't put on enough evidence to prove it, that would eliminate, you know, a lot of the briefs filed in this court. If, you know, you had to make a really good argument. I don't believe that the government is saying he has to make a really good argument. And under Kauffman, he doesn't have to prevail, and I would submit that that's correctly decided. What I don't believe is accurate or a correct rule of law is to say you can go to the MSPB and you can allege discrimination and never put on any evidence, never ask a single question, never conduct discovery, never elicit a single response. The evidence was I'm Hispanic, and the rest of his evidence was essentially I was fired for no good reason, which is base's case, which was to demonstrate, which was to debunk all the reasons they gave. That's some evidence. Well, he basically says I'm following a protected class and does not put on any other evidence other than that. And I've been treated badly. And I've been treated badly and I've been treated badly erroneously. He did go through a long story about why all the reasons that were given were not, in his view, justified. So that's some evidence. Well, Your Honor, I guess I would disagree. I mean, I think you at least have to argue it and you at least have to submit questions and elicit testimony on it and not just focus simply on a retaliation whistleblower claim. I mean, if all you need to show is that you're in a protected category. There's obviously an enormous overlap, right? I mean, in these cases in general, the person often says, you know, I was discriminated against, A, because I was Hispanic and, B, because of what I said. And what's the proof? The proof is that they had no good reason to fire me. So they must have been doing it for some ulterior motive. And here are two posits. That's his case. Basically, Your Honor, then, the only requirement is that you say you're in a protected class and you had an adverse decision. If he hadn't put on the other case, it might be different. If he hadn't put on an extensive case about why he thought that the reasons that were being given were not legitimate reasons. But he did put on an extensive case about that, did he not? What I'm troubled about, though, Your Honor, is that essentially what he's doing now is coming up with, retroactively, evidence that he was completely capable of coming up with before. Well, he says he wasn't. But that's not really relevant because it's a de novo standard. Well, he certainly never indicated at the time that he was having trouble developing the evidence. But it is a de novo standard, right? It's a de novo standard now, but he doesn't get to now recreate the record he should have created before because the standard Well, that's assuming that we agree with you that that's required just for jurisdiction. And we're talking here still about jurisdiction, not the merits. Whether he wins or loses is beside the point. But it does require, Your Honor, good faith and due diligence. And that is our concern about this case is that there was no good faith. There was no due diligence. And, in fact, he admitted that, in fact, they made an intentional decision not to focus on this argument. And what that did was it completely deprived the MSPB of the opportunity to consider whether there was discrimination. It didn't. They did consider it. I just can't understand that. The ALJ decides the issue. He goes through, cites all the right cases, explains his view of the evidence, and said, He put on a lousy case, so he loses. And then the agency affirms, basically without opinion, so affirms that. Well, I guess then, Your Honor. They're saying he has put on a lousy case, not that he's put on no case and I can't decide. Well, Your Honor, I read it as saying he put on no case. He has no evidence, essentially, of discrimination. But your real problem, what I hear you saying, is that he's now come up with a lot of evidence, and he didn't have it then. And that's really a question of what does de novo review mean in this context. Well, I think, Your Honor, de novo. You can deal with it in a district court when you get back on the jurisdictional issue, because I don't know the answer to that question. In my view, de novo review means that once you're in district court and there is appropriate jurisdiction in district court, both parties can conduct additional discovery and can put on additional evidence. I don't believe, though, that you can take de novo review and use that to supplement what you did to exhaust below and create a new record and say all that goes to show that there is exhaustion. Can you or can't you put on evidence that you didn't put on before the agency? In district court? Yes. You can. But the evidence you put on before the agency has to be some evidence. And, you know, I guess where we're differing here is that I don't see simply saying I'm going to protect a class and an adverse action occurred as to my career is enough evidence. That isn't what I said. And they fired me for no good reason at great length, which he did put on evidence about at great length. Is that right? He did indicate that he took issue with the reasons. Okay. Right. Well, that's the core of a discrimination case often. Well, Your Honor, I do believe the claimant has more of an obligation to come up with evidence that is somehow connected, at least make an effort in their closings, in their eliciting of testimony at the hearing, that that demonstrates due diligence. Because what occurs at these hearings frequently is if there is evidence that suggests discrimination, the ALJ will try to engage the parties in settlement discussions, will try to retroactively instate individuals. And A, understood that the issue was raised. B, understood that the core of it was this pretextual argument. And C, didn't buy the pretextual argument for either cause of action. He didn't believe it. So, therefore, he was going to lose both on retaliation and on discrimination for the same reason, i.e., the ALJ didn't agree that he was fired for no reason. He thought he was fired for good reason. Well, then, the new rule would be, Your Honor, that if there's a decision reached on the merits, that that constitutes exhaustion, regardless of the due diligence that's exercised by the payment. Let me ask you the same sort of procedural question I asked opposing counsel. Let's assume for the sake of this question that we do not agree with your jurisdictional argument and we believe that the district court did have jurisdiction over the discrimination claim. Wouldn't we then have to send it back, since the district court has never made a summary judgment decision one way or the other? You made a number of arguments that really are summary judgment arguments, or your co-counsel did. That's why I'm asking the question. Well, Your Honor, we believe that you can affirm for any basis that we might agree. But we wouldn't be. That's why I'm asking you, because it's dismissed for lack of jurisdiction. So the only way we could affirm on other grounds would be other grounds that demonstrate a lack of jurisdiction. At least, that's my train of thought at the moment. That would be on the merits rather than having actually entertained it on jurisdictional basis. It may be, Your Honor, in light of that, that it would be more appropriate to remand for consideration based on the merits. What about the representation that the other cause of action then pops back in again? Well, Your Honor, the other cause of action was dismissed because the case was viewed as non-mixed, and that claim obviously only exists if the jurisdiction exists over the discrimination. But if it does exist, then is she right that the retaliation claim comes back to? Well, as at this point it's been dismissed, it would require some action on the district court's part. But I would say that perhaps a motion for reconsideration based on new facts as to the jurisdictional arguments might be appropriate. No, I didn't see it in the blue brief at all. It's not raised, Your Honor. It is not raised in the issues. It's not raised in the conclusion in the prayer for relief. It's not raised anywhere. It's an issue for the district court because our view is that count two was never raised and isn't presently before this court. Well, opposing counsel can address that, but I didn't make any notes about it when I read this because I didn't see it in the case at all, the questions that were raised today. That's true. I mean, intellectually it follows that jurisdiction over one would also involve jurisdiction or has a collateral effect on jurisdiction over the other claim, but it isn't presently before this court, that issue. Your Honor, I would simply just reiterate that there is an obligation to exercise due diligence and there is an obligation to engage in good faith and to intentionally withhold information, which is what occurred here because counsel and the claimant essentially decided they didn't want to focus on that issue. That goes to the de novo review issue, right? I believe it goes to the jurisdictional issue, Your Honor, because in my view, once you decide, you make a calculated, intentional decision not to focus on an argument, you're depriving the MSPB of the evidence they otherwise would have seen on that argument. You're depriving the agency of an opportunity to evaluate the evidence they otherwise would have seen, and it's pretty much rendering the forum choice meaningless. That seems an incredibly difficult standard. I mean, it does seem to me that what you're talking about now really has more to do with what you can do on de novo review, and it seems an impossible standard to apply because you agree that, I mean, suppose they had put on some evidence, but not all of the evidence they had, or they could have had, although they didn't have it. I mean, here it appears they didn't have it. It's just you're saying they could have had it, and then want to put it on the district court. Well, you agree that they could do that. So at some point, you're saying, however, there's a cutoff of that authority, and I don't know how anybody would ever govern that. I think the way you would apply the standard, Your Honor, is to say you need to present some evidence. That's what all the cases have said thus far. All right, well, let's suppose I disagreed with you, and for all the reasons I've already said, I think they presented some evidence, okay? Beyond that, let's suppose, but they did, in fact, consciously withhold some evidence they had. How would that work under the statutory scheme? Well, under Vineranus, for example, it could be viewed as obstruction. I mean, essentially, they are making intentional decisions not to focus on arguments, to withhold from their forum the elected forum that they chose to proceed in, that they have an obligation to exercise due diligence and good faith in. I mean, I see what you're saying about looking backwards at what people's motives were in a de novo context. But here, the record is fairly clear that they made an intentional decision and decided not to put on evidence, only to thereafter, at the district court, after having not, in our view, fully exhausted and appropriately exhausted below, essentially recreate the universe. It's like putting all of your eggs in one basket and doing so intentionally. Those eggs turn out to be rotten, and you come to district court, and you have a whole new basket, and you're getting new eggs and placing them in that basket. And that is not what the exhaustion requirement is all about. That requirement requires you to give everybody a fair look at what your issues and evidence are. And in our view, and I understand your honors may disagree with us, but in our view, simply stating that you fall in a protected class and ultimately an unfair decision occurred as to you is not enough to establish exhaustion. It's not presenting some evidence. Thank you, Counsel. Your time has expired, and I think we understand your position. We'll hear rebuttal from Petitioner's Counsel. And if you would, in particular, focus on the question that came up in the other argument, that is, I saw nothing in your brief about the other claim. Your Honor, the dismissal is referenced in the excerpts of record at pages 705 to 707. While the court is correct that there was no inadvertently reference to revive this retaliation claim that was dismissed by the court after the fact, we would request that this court exercise its discretion to direct to the district court to vacate that dismissal based on the findings. But normally an issue that is not raised, argued, and discussed in the blue brief isn't an issue that we're going to decide. That's kind of the going-in assumption in all cases. And I guess I don't understand why we would reach out for that issue when it's one that could be raised in the district court if we were to hold in your favor on jurisdiction. Well, I would say for two reasons. One, that it is in the record, so it is within the information that this court has before it. And in trying to make a full resolution that is not going to further waste judicial resources by... So asking the district court is a waste of resources if you're backing the district court? Well, if this court could direct the district court to do something, that we would then have to make a motion, take the time of the district court to consider that motion and to make a ruling upon... Well, you're asking us to do all the legal research behind that right now even though you didn't put it in the brief. So somebody's going to have to do more work on this, and the question is whether it's us when the issue's not raised here or whether it's the district court if the case goes back to the district court. Perhaps if there is a way I could supplement this court with that information. Why isn't it simply adequate that we record that it was not raised and we are not deciding it and our mandate has nothing to do with it, period? And then we can raise it in the district court. That's one approach. Or the other approach might be just to look at pages 705 to 707 and see that that ruling by the district court was explicitly contingent upon the fact that it was sent back. Also, in Appellee's brief, they go through the... Well, we know it happened, but the fact that something is referred to in a statement of facts or in a description of procedures is not the same thing as raising an issue for decision. That would mean that anything could be raised and our rule would mean nothing just because it's in the record someplace or in the description of what happened. I completely understand where the court is coming from, and I think that if the court decided to make... sort of because one act triggers the other necessarily to extend the ruling... The problem is that I don't know that. As I said at the beginning, this law is very complicated. You made representations about how the two fit together, and you may well be right, but I don't know that. I particularly don't know it because it wasn't briefed. So I could find out, but as Judge Graber says, either we find out or you tell the district court why it's right, and he has an easier time finding it out because he has some briefing and some information. Well, that would be another approach, so something we can certainly consider. Just a couple quick points I want to address. There's nothing in the record that supports the statement that Appellee mentioned that Mr. Elizondo somehow admitted that he decided not to pursue the discrimination claim. In fact, the overwhelming evidence... I thought he did decide not to pursue it in the internal procedure but not before the ALJ. Is that right? I would say that's a more accurate statement. I think he did pursue it but not necessarily according... with the agency, with the Navy, but not necessarily with going through the EEO counselor the way that they would prefer. In fact, there are many, many references in the MSPB appeal, in ER, page 28, where he specifically talks about, I believe, national origin discrimination and harassment led to my proposal for removal, including, I'm going to paraphrase, being over-scrutinized, treated differently than non-Hispanics, treated stereotypically regarding my whereabouts, et cetera. In pre-hearing submissions, it was referenced on ER, page 51, whether appellant was discriminated against because he's Hispanic. There were numerous facts in the pre-hearing submissions that were referenced about how he was treated differently and badly. Despite his outstanding performance, Finch gave him problems about advance notice for taking leave, what hours he could work. Just to clarify one thing. The government's brief seemed to think that you were raising a freestanding harassment claim. That is not my understanding. My understanding is that you're raising as evidence for why his termination was based on discriminatory reasons, the history of the way he was treated and his colleagues were treated, but you're not raising a discreet hostile environment. Well, I think we are raising a hostile environment and discrimination claim, I believe, from the facts that are pled in the Third Amendment complaint that one could completely... That may not have been exhausted. I didn't actually read what you were saying that way. I think you're better off not raising it because then I think you may have exhaustion problems. I did not understand there to be a freestanding harassment issue that you raised before the PPSB. I saw the harassment and discrimination as kind of supporting each other and being not necessarily synonymous but proving the same thing, that Finch did not like Hispanics and that she treated Mr. Elizondo badly. And ultimately terminated him for that reason. But you're looking for a remedy for the determination, not for something else. Is that basically accurate? A remedy for the determination. For determination. For determination. For firing. Correct, and emotional distress damages as well. For determination. Correct, and possibly for the mistreatment. Counsel, your time has expired by quite a bit. Okay, thank you. Thank you. We appreciate the arguments of both counsel. The case just argued is submitted and we will take a short recess. All rise and stand in recess.
judges: Hall, Graber, Berzon